HOLDRIDGE, J.,
concurs.
hi respectfully concur with the affirmation of the defendant’s conviction. I believe the trial court erred in not allowing the statements to the police by Mr. Paul Robinson, Ms, Monica Simmons, Ms. Carla Simmons, and Ms. Elissa Smith to be admitted into evidence. The statements made by these potential witnesses should be admitted because they are hot hearsay. Hearsay is an out of court statement admitted for the truth of the matter asserted. La; Code Ev. art. 801(C). In this case, Mr. Robinson’s statement is not being admitted to prove that Mr. Magee killed the victim but to show that another person stated that he killed the victim. Similarly, Ms, Monica Simmons’ statement is being admitted to show that she made the statement that Mr. Magee committed the crime. Likewise, Ms. Carla Simmons’ and Ms. Elissa Smith’s statements that Monica Simmons said that Mr. Magee committed the crime is not being admitted to prove that Mr. Magee killed the victim, but that the statement was made.
*60 “Paragraph C non-hearsay is an out-of-court utterance offered in court not to prove the truth of the statement ..., but to prove the fact that the statement was made, for that fact is relevant to the case apart from its truth vel non.” Robert Force & Gerard A. Rault, Jr., Handbook on Louisiana Evidence Law 676-677 (2016) (Authors’ Notes). The fact that persons other than the defendant made statements that Ricky Magee killed the victim is relevant to the jury in deciding the issue of reasonable doubt. However, based on the overwhelming evidence supporting defendant’s conviction, I believe the exclusion of this evidence was harmless error.